UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA LEAH REYES,

Plaintiff,

v.

JOSEPH MODESTO, et al.,

Defendants.

No. 2:14-cv-0795 KJM KJN PS

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff Victoria Leah Reyes ("plaintiff"), who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff alleges the following in her complaint: "I Socorro Martinez the Manager at the Golden Hotel1010 ½ 10th Street Sacramento California, 95814 received 125 dollars from Ralph Mendez and Victoria Reyes Mendez Deposti [sic] on Room #18." (Compl. at 2.) In addition, plaintiff states that she "would like to reopen [her] case 2:09-cv-03114 GEB KJN

PS because [she] never received anything." (Id.)

After reviewing plaintiff's complaint and the court's records, it appears that plaintiff's claims in this action are barred by the doctrine of claim preclusion. Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit Court of Appeals has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;
>
> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

Identity of Claims

Plaintiff expressly alleges in her complaint that she has filed her complaint in this case against defendants in an attempt to "reopen" Reyes & Reyes v. Modesto, et al., 2:09-cv-03114-KJM-KJN, a case that was previously dismissed with prejudice due to plaintiff's failure to effectuate service of process pursuant to Federal Rule of Civil Procedure 4(m).[2] See id., ECF

[2] A court may take judicial notice of court filings and other matters of public record, which are not subject to reasonable dispute. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746

Nos. 38, 40. Accordingly, plaintiff appears to assert identical claims arising out of the same transactional nucleus of facts as that previously dismissed action. The court notes that plaintiff includes additional allegations in her complaint beyond her request to reopen her previously dismissed case; however, it appears that these additional "allegations" are nothing more than a handwritten receipt recognizing that plaintiff and her husband made a deposit and rent payment for a room at the Golden Hotel, where plaintiff currently resides, to the Hotel's manager, Soccoro Martinez. (See Compl. at 2.) These additional "allegations" do not give rise to their own separate cause of action or otherwise change the fact that the claims and factual allegations plaintiff attempts to make in the present action are identical to those in her previously dismissed case. Therefore, the court has little difficulty in concluding that there is an identity of claims between the prior action and the instant action.

A Final Judgment on the Merits

In the prior action, the district court, after granting plaintiff several extensions of time in which to complete the court-provided USM-285 forms and return them to the United States Marshal and after plaintiff failed to appear at the initial scheduling conference, dismissed the case without prejudice on October 18, 2011. Reyes & Reyes v. Modesto, et al., 2:09-cv-03114-KJM-KJN, ECF Nos. 23, 28, 30, 31. On March 27, 2012, the district court granted plaintiff's request to reopen the prior action and ordered plaintiff to file a notice with the court indicating whether [she] intend[ed] to effectuate service of [her] First Amended Complaint through the U.S. Marshal's office or file a second amended complaint." Id., ECF No. 36 at 2. However, plaintiff failed to comply with this order despite the court granting her several opportunities to do so. Accordingly, on August 29, 2012, the district court dismissed the prior action with prejudice pursuant to Federal Rule of Civil Procedure and Local Rules 110 and 183(a). Id., ECF Nos. 38, 40. Plaintiff filed another request to reopen the previous case on September 5, 2013. Id., ECF No. 43. On September 13, 2013, the district court issued an order declining to reopen the previous case and stating that no further orders will be issued in that case. Id., ECF No. 44.

n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

The district court's dismissal of the prior action with prejudice was plainly a final judgment on the merits. "Dismissal of an action with prejudice, or without leave to amend, is considered a final judgment on the merits." Nnachi v. City of San Francisco, 2010 WL 3398545 at *5 (N.D. Cal. Aug. 27, 2010) (citing Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

Identity or Privity Between Parties

There is no question that the prior action and the instant action involve the same parties, i.e., plaintiff Victoria Reyes and defendants Joseph Modesto, David Jakabosky, Michelle Davis-Tate, Richard Winters, and Nancy Meuer. Although the prior action also expressly named Jose Reyes as a plaintiff, that fact has no bearing on the application of claim preclusion to the claims of plaintiff Victoria Reyes, who is named as a plaintiff in both the present action and the previous action.

Conclusion

In sum, the court finds that claim preclusion bars plaintiff's claims against the defendants in this action. Furthermore, although the court would ordinarily grant a pro se plaintiff leave to amend, the bar of claim preclusion here cannot be overcome by further revision of plaintiff's claims. As such, granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE.
2. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: April 9, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE